# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| MALLIE J. SECKINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV415-307 |
| | ) | |
| CENTRAL MORTGAGE CO. | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

In this Fair Credit Reporting Act (FCRA) case, defendant Central Mortgage Company moves to dismiss Mallie Seckinger's Complaint for failure to state a claim or, in the alternative, for a more definite statement. Doc. 11.

Central, a mortgage loan servicing company, services Seckinger's home loan.[1] Doc. 6 at 2; doc. 11-1 at 2. At some point, Central

---

[1] On a motion to dismiss, this Court must accept as true all well-pled, factual allegations in the Complaint and construe them in the light most favorable to plaintiff. *See Ingram v. Regal Cinema Theater*, 2015 WL 8968179 at * 1 (S.D. Ga. Dec. 15, 2015). Plaintiff's *pro se* status dictates that the Court apply a further "liberal construction" gloss on that already-plaintiff-friendly review framework. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quotes and cites omitted); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The facts that follow reflect those principles.

misreported the status of that loan to the three major credit reporting agencies (Equifax, TransUnion, and Experian). *Id.* at 2-4. That misreporting occurred from 2012-2013, and continued even after Seckinger complained to Central. *Id.*

What's more, says Seckinger, Central "had full prior knowledge that the loan specific to this . . . action was hopelessly flawed and factually under formal dispute." Doc. 1 at 2. Despite that, it "knowingly reported false information to the credit repositories." *Id.* Seckinger believes that conduct violates 15 U.S.C. §§ 1681n(a), n(a)(2), and (n)(a)(3). Doc. 6 at 5, 15.

Central points out that the FCRA "does not provide a private right of action to redress a [credit] furnisher's submission of inaccurate information to the credit reporting agencies." Doc. 11-1 at 5 (citing *Taylor v. Georgia Power Co.*, 2016 WL 627352 at * 3 (S.D. Ga. Feb. 16, 2016)). It does allow suit if a furnisher fails to investigate and respond promptly to consumer disputes, but only if the furnisher receives notice of the dispute from a credit reporting agency. *Id.* at 5-6 (citing 15 U.S.C. § 1681s-2(b) and *Taylor*, 2016 WL 627352 at * 3). Because Seckinger never alleges that Central received notice of his dispute from a reporting

agency (instead, he alleges that *he* notified Central), his "FCRA claim against Central . . . should be dismissed." Doc 11-1 at 7; *Taylor*, 2016 WL 627352 at * ("A furnisher of information, however, is only liable for a failure to investigate and respond after receiving notice of a consumer dispute from a consumer reporting agency, not from the consumer.") (citing 15 U.S.C. § 1681i (setting forth dispute procedures); *Eddins v. Cenlar FSB*, 964 F. Supp. 2d 843, 848 (W.D. Ky. 2013) ("Under the statutory language, notification from a consumer is not enough.")).

Upon review, the Court finds Central's motion supported and appropriate. It is also unopposed per Local Rule 7.5 (no response means no opposition).[2] Accordingly, the motion (doc. 11) should be **GRANTED**. To prevent potentially pointless discovery while the district judge considers that recommendation, Central's motion to stay (doc. 10) *is* **GRANTED**.[3]

---

[2] Seckinger's failure to respond carries significant weight because his *pro se* status would otherwise put a finger on the scale in favor of allowing him a chance to re-plead. Instead of responding, filing a motion to amend, or even simply submitting an amended complaint, he did nothing. And it's unlikely that he simply forgot or thought he had more time -- he's blown the response deadline by well over a month. *See* doc. 11 (response deadline of April 7, 2016).

[3] Where a motion to dismiss appears "clearly meritorious and truly case dispositive," as Central's does here, stays should be granted to avoid imposition of undue

**SO ORDERED**, this 18TH day of May, 2016.

_/s/ G. M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

discovery costs. *S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, 2014 WL 5644089 at *1 (S.D. Ga. Nov. 4, 2014).